UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

TIMOTHY DEAN PARKS,                )
                                   )
            Plaintiff,             )
      vs.                          )    No. 1:03-cv-1741-JDT-TAB
                                   )
WAYNE SCHAFFTER, et al.,           )
                                   )
            Defendants.            )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The State defendants' motion to vacate deadline, filed on February 21, 2006, is **granted** to the extent that these defendants shall have **through June 8, 2006,** in which to file any dispositive motion.

2. The plaintiff's motion for entry of default as to the claims asserted against defendants Lori Tharp, Sally Stevenson, Cheryl Mifflin, Jason Clark, Art Davis, and Sgt. Petty is **denied.** The reason for this ruling is that these defendants are not in default, and the explanations for this ruling are that (1) these defendants appeared in the action through their attorney prior to the time the case was removed to federal court, and (2) claims against these defendants (which appear to have been asserted in claims 6,8,9,10 and 11 of the amended complaint) were dismissed as legally insufficient in the Entry of October 6, 2005.

**IT IS SO ORDERED.**

_____
John Daniel Tinder, Judge
United States District Court

Date: 02/23/2006

Distribution:

Timothy Parks
DOC #952451
Putnamville Correctional Center
1500 West U.S. 40
Greencastle, IN 46135-9275

Charles Francis Braddock
cbrad109@aol.com

David Allen Happe
CITY OF ANDERSON
dhappe@cityofanderson.com

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

Thomas D. Quigley
INDIANA STATE ATTORNEY GENERAL
tquigley@atg.state.in.us

This lawsuit survives against defendants Wayne Schaffter (chief probation officer Madison County), Terry Richwine, and Randy Hornbeck (sheriff and former jail commander of Madison County, respectively), solely upon "claim 7" of plaintiff's amended complaint (see entry concerning selected matters (document 18) of October 6, 2005 at p. 5).
Claim 7 of plaintiff's amended complaint is a claim for retaliatory denial of access to courts. This is alleged generally in paragraphs 88 through 91 of plaintiff's amended complaint, referencing the years 1996 to 2003. As will be discussed below, however, discovery has clarified that plaintiff's claim is based upon events of the year 1999.

In the same prior entry, the court held that Indiana's two year statute of limitations, at Ind. Code § 34-1-2-2, applied to section 1983 claims herein. Id. at pp. 3-4. Therefore:

Any portion of "claim 7" and "claim 8" in the amended complaint based on conduct of defendant Ragains and any alleged conduct whatever occurring more than two years prior to the date the original complaint was signed, October 5, 2003, is dismissed as barred by the two-year statute of limitations (Id. at p. 4).

In other words, any claim of plaintiff herein must concern conduct no earlier than October 5, 2001, or is otherwise barred by limitations. This is the law of the case.

This memorandum will demonstrate that: all of plaintiff's claims against defendants Schaffter, Richwine and Hornbeck are barred by the two year statute of limitations (issue I); alternatively, defendants are entitled to judgment as a matter of law on the merits (issue II); alternatively, defendants in their individual capacities are entitled to qualified immunity upon all claims herein (issue III).

## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to L.R. 56.1(a), defendants hereby submit the following "statement of material facts not in dispute" regarding facts determinative of the present motion, and upon which the defendants contend that there is no genuine issue.
The wrong plaintiff complains of herein is that he was allegedly "denied the chance to pursue an appeal" of a trial court denial of post-conviction relief relating to his 1989 burglary conviction, "after being kept from access to my legal mail (transcripts) in 1999" (exhibit 1, answer to interrogatory 5 at p. 3; exhibit 3, answer to interrogatory 5 at p. 3). Plaintiff claims that a jail officer named Randy Hummercourse was in court with him when the judge ordered him immediately returned to Wabash Valley Correctional Facility at this time, and that both defendants Hornbeck and Richwine were sent requests/grievances reminding them of this, so that Parks could receive his legal mail timely and avoid
2 Case 1:03-cv-01741-JDT-TAB Document 42 Filed 01/31/2006 Page 2 of 14

harm being done; they refused to respond or take action for ten days, causing Parks to miss deadlines for filing transcripts that had been defective, and returned to him at Wabash Valley (exhibit 1, interrogatory 2, p. 2, interrogatory 8, p. 5; exhibit 3, interrogatory 2, p. 2 and interrogatory 5, p. 3). Plaintiff states his theory as "denial to access to court in a criminal proceedings" (exhibit 1, interrogatory 7, p. 4; exhibit 3, interrogatory 7, p. 4). Plaintiff claims that there was a court order after a hearing on May 27, 1999, and defendants ignored his written requests and grievances and did not return him to Wabash Valley until June 9, 1999, seven (7) days after his appellate deadline for filing transcripts